UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLVIN MCCRIGHT,<br><br>           Petitioner,<br><br>     v.<br><br>WARDEN OF SOLANO STATE PRISON,<br><br>           Respondent. | No.  2:12-cv-2403-GEB-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He claims that he has been denied work and good time credits because of his indeterminate sentence.  *See* ECF No. 1.  According to petitioner, the Board of Parole Terms (BPT) should have converted his indeterminate sentence to a determinate sentence, or alternatively, granted him a parole date, thereby allowing him to earn and apply credits to reduce his sentence.  *Id.*  He contends that the denial of work and good time credits earned during February through August of 2012 violated his due process rights and the prohibition against ex post facto laws.  *Id.*; *see also* ECF No. 24 at 2 (arguing that *In re Caudillo*, 26 Cal.3d 623 (1980) supports his claims for relief).  Respondent moves to dismiss the petition. ECF No. 20.

/////

For the reasons set forth below, respondent's motion to dismiss must be granted on the ground that the claims raised in the petition are not cognizable.[1]

The court notes that in a previous petition filed in the United States District Court for the Northern District of California, petitioner raised the same due process and ex post facto claims with respect to credits earned from 2010 to 2011. *See McCright v. Warden*, No. 3:11-cv-4715-JW (N.D. Cal.), ECF No. 1 (Sept. 21, 2011 Petition).[2] United States District Judge James Ware dismissed the petition, noting that petitioner's claims "depend[ed] on the premise that he is entitled to a [Determinate Sentencing Law] release date – a premise that is simply wrong." *See id.*, ECF No. 19 (Aug. 2, 2012 Order Granting Motion to Dismiss). Judge Ware also rejected petitioner's reliance on *In re Caudillo*, 26 Cal. 3d 623 (1980) for petitioner's request for federal habeas relief, reasoning as follows:

> Petitioner argues that pursuant to *In re Caudillo*, 26 Cal. 3d 623 (1980), the BPT is required to convert his indeterminate sentence to a determinate term. Docket No. 1 at 8. As an initial matter, to the extent that Petitioner is challenging the state court's application of state law, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). This Court is bound by California's interpretation of its own laws. *See McSherry v. Block*, 880 F.2d 1049, 1052 (9th Cir. 1989).
>
> However, if a state statute creates a protected "liberty interest," violation of that statute raises federal constitutional concerns on federal habeas corpus. *See Bonin v. Calderon,* 59 F.3d 815, 841 (9th Cir. 1995). Similarly, the Constitution prohibits states from passing any "ex post facto Law." U.S. Const., art. I, § 10, cl. 1. However, as discussed below, Petitioner fails to show that any state statute has

---

[1] Because petitioner previously filed petitions "arguing that California's Determinate Sentencing Law entitles him to a determinate sentence," respondent argues that the instant petition is successive, and that the petition must be dismissed. *See* ECF No. 20 at 2-4 (referring to three prior petitions, the last of which was adjudicated in September 2011). This petition, however, specifically challenges the denial of credits for the time period of February through August 2012. *See* ECF No. 1. Respondent does not contend that any of the prior habeas petitions challenged this particular denial of credits; nor could he. The most recent habeas petition referenced by respondent was resolved in 2011. Accordingly, the instant petition is neither second nor successive. *See Hill v. Alaska*, 297 F.3d 895, 899 (9th Cir. 2002) (fact "[t]hat a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition second or successive").

[2] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

created a protected liberty interest or violated the Constitution's prohibition against ex post facto laws. Accordingly, Petitioner fails to raise any federal constitutional concerns.

Petitioner argues that *Caudillo* provides that he is entitled to earn conduct/work credits pursuant to Cal. Penal Code § 2931 in the same manner as prisoners sentenced under the DSL, and that Cal. Penal Code § 1170.2(b) (the DSL) requires the BPT to convert his sentence to a determinate term. Finally, he argues that *Caudillo* supports a finding that the failure to convert his sentence to a determinate term violates the federal prohibition against ex post facto laws.

Petitioner fundamentally misunderstands *Caudillo*. *Caudillo* is inapplicable to Petitioner's case. Unlike Petitioner, *Caudillo* was eligible for a determinate sentence and accordingly, the BPT had initially converted Caudillo's indeterminate sentence of 15 years to life to a determinate sentence of seven years. *Caudillo* focuses solely on the BPT's jurisdiction to hold serious offender hearings under the DSL. *Caudillo* is not applicable to prisoners such as Petitioner, who are not eligible for re-sentencing under the DSL.

Since Petitioner is not entitled to have his indeterminate sentence converted to a determinate sentence under the DSL, his federal constitutional claims fail. There is no state-created liberty interest in having a term of years set for a prisoner serving an indeterminate life term for murder who has not been found suitable for parole. Accordingly, the state policy precluding prisoners serving indeterminate sentences from accruing conduct/work credits pursuant to Cal. Penal Code § 2931 does not violate the Ex Post Facto Law, nor is it a miscarriage of justice.

*See McCright v. Warden*, No. 3:11-cv-4715-JW (N.D. Cal.), ECF No. 19 (Aug. 2, 2012 Order Granting Motion to Dismiss).

As petitioner admits, he was given an indeterminate sentence for murder. ECF No. 24 at 4. As an indeterminately sentenced prisoner, he cannot be released until he is found suitable for parole, regardless of the length of time he serves in prison. *In re Dannenberg*, 34 Cal. 4th 1061, 1083-84 (2005). There is no state-created liberty interest in having a term of years set for a prisoner serving an indeterminate life term for murder who has not been found suitable for parole. Moreover, petitioner's sentence remains indeterminate even after the enactment of the DSL. *See id.* Absent a change in the law that increased his quantum of punishment, petitioner cannot demonstrate an ex post facto claim. *See Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (summarizing acts that implicate the "core concern" of the Ex Post Facto Clause). For these reasons, the petition does not raise a federal claim, and must be dismissed.

1  Accordingly, IT IS HEREBY RECOMMENDED that respondent's March 14, 2013
2 motion to dismiss (ECF No. 20) be granted, and that the Clerk be directed to terminate any
3 pending motions as moot, enter judgment in favor of respondent and close the case.

4  These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days
6 after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties. Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
9 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
10 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
11 his objections petitioner may address whether a certificate of appealability should issue in the
12 event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing
13 § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a
14 final order adverse to the applicant).

15 Dated: February 21, 2014.

16 EDMUND F. BRENNAN
17 UNITED STATES MAGISTRATE JUDGE